USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-13-19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA *et al.*
*ex rel.* RAHIMI and SCHULTE,

    Plaintiffs,

v.

WALGREENS BOOTS ALLIANCE, INC.,

    Defendant.

15 Civ. 5686 (PAC)

**STIPULATION AND ORDER OF SETTLEMENT AND RELEASE BETWEEN THE UNITED STATES AND RELATOR**

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between the United States of America (the "United States"), by its attorney Geoffrey S. Berman, United States Attorney for the Southern District of New York, and relators Adam (*a/k/a* Azam) Rahimi and S. Christopher Schulte (the "Relators" and, together with the United States, the "Parties"), through their counsel;

WHEREAS, on or about July 21, 2015, Relators filed a complaint in the above-captioned action in the United States District Court for the Southern District of New York (the "Court") under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq.* (the "FCA"), alleging, *inter alia*, that Walgreens engaged in a pattern of submitting false claims to Medicare, Medicaid, and TRICARE, as well as the workers' compensation program for Postal Service employees managed by the U.S. Department of Labor (collectively, the "relevant federal healthcare programs"), which sought payments for more insulin pens than patients needed in the time periods specified in the claims (the "Relator Action");

WHEREAS, on or about January 11, 2019, the United States filed a complaint-in-intervention ("Government Complaint"), asserting claims against Walgreens Boots Alliance, Inc.

("Walgreens" or "Defendant") pursuant to the FCA and in relation to the relevant federal healthcare programs for obtaining reimbursement for insulin pen prescriptions based on false claims that under-reported the days of supply (*i.e.*, the number of days that insulin pens should last if the patient used insulin strictly according to the prescriber's directions for use) (the "Covered Conduct");

WHEREAS, on or about January 11, 2019, the United States, Defendant, and Relators entered into a Stipulation of Settlement and Dismissal (the "Settlement Agreement");

WHEREAS, pursuant to Paragraph 3 of the Settlement Agreement, Defendant agreed to pay the United States the sum of $168,035,813.56, plus interest, to be compounded annually at the rate of 2.87% starting from November 20, 2018, to the date of payment (the "Settlement Amount") to resolve the claims of the United States for the Covered Conduct;

WHEREAS, Defendant has paid the Settlement Amount, with applicable interest, to the United States;

WHEREAS, the Relators have asserted that, pursuant to 31 U.S.C. § 3730(d)(I), they are entitled to receive a portion of the Settlement Amount (the "Relator Share Claim"); and

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relator Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. The United States will pay Relators, c/o SHELLEY R. SLADE, as attorney for Relators ("Relators' Counsel"), thirty-two million and three hundred and forty thousand dollars

($32,340,000.00) in accordance with written instructions provided by Relators' Counsel.

2. Relators, for themselves and their heirs, successors, attorneys, agents, and assigns, agree that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waive the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3. In agreeing to accept payment of the Relators' share set forth in Paragraph 1 above, and upon payment thereof, Relators, for themselves and their heirs, successors, attorneys, agent and assigns, release and are deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreement pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to the Settlement Agreement or any claim in the Relator Action or the Government Complaint.

4. This Relator Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relators arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

5. The United States and Relators agree that if the Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Relator Stipulation is null and void.

6. This Relator Stipulation shall inure to the benefit of and be binding only on the Parties, and their successors, assigns, and heirs.

7. This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Relator Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relator Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the Parties specifically referring to this Relator Stipulation.

9. This Relator Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relator Stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

10. This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: March 11, 2019  
New York, New York

GEOFFREY S. BERMAN  
United States Attorney

By: _____  
LI YU  
JESSICA JEAN HU  
Assistant United States Attorneys  
86 Chambers Street, 3rd Floor  
New York, New York 10007

*Attorneys for the United States*

Dated: March 11, 2019
Washington, D.C.

VOGEL SLADE & GOLDSTEIN LLP

By: /s/ Shelley R. Slade
SHELLEY R. SLADE, ESQ.
1300 Connecticut Ave., N.W., Suite 701
Washington, D.C. 20036-1749

*Attorney for the Relator*

Dated: March 8, 2019

By: _____
ADAM (*a/k/a* AZAM) RAHIMI
*Qui Tam* Relator

Dated: March 8, 2019

By: _____
S. CHRISTOPHER SCHULTE
*Qui Tam* Relator

Dated: March 13, 2019
New York, New York

SO ORDERED:

/s/ Paul A. Crotty
HON. HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

5