

**Shelley R. Slade**  sslade@vsg-law.com
Direct Line: 202-537-5903  Fax: 202-621-8290

March 19, 2019

**BY EMAIL
(CrottyNYSDChambers@nysd.uscourts.gov)**

The Honorable Paul A. Crotty
United States District Court
500 Pearl Street, Room 1350
New York, NY 10007

      Re: *U.S. ex rel. Rahimi, et al. v. Walgreens Boots Alliance,* 15 Civ. 5686 (PAC):
          Relators' Consent Letter Motion for Dismissal of Claims

Dear Judge Crotty:

    Relators Adam Rahimi and S. Christopher Schulte respectfully move the Court to dismiss with prejudice the claims that Relators have brought on behalf of the District of Columbia and the states of California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Virginia and Washington. The foregoing states, referred to herein as "the State Plaintiffs," consent to this motion based on the good cause set forth herein.

    Relators also herein voluntarily dismiss Relators' claims under 31 U.S.C. § 3730(d)(1) and analogous provisions of state law for a share of the proceeds of the action and for expenses, attorneys' fees and costs, having resolved those claims. By order entered on January 22, 2019, the Court has already dismissed the federal claims in the United States' Complaint-in-Intervention and

the claims that Relators brought on behalf of the United States. (Dkt. 18.). The Court's granting this motion consequently will dismiss all claims in the action.

The State Plaintiffs have not intervened in this action. Pursuant to the majority of their false claims laws, Relators may voluntarily dismiss their claims if the state and the Court consent to dismissal and state their reasons for doing so.[1] While some of the state laws contain slightly different requirements for dismissal,[2] Relators' dismissal of the claims is authorized under the laws of all of the State Plaintiffs when: i) the state consents and provides its reasons for consenting taking into account the public purposes behind the false claims laws and the best interests of the parties; and, ii) the Court consents and provides its reasons for consenting after consideration of the public purposes behind the false claims laws and the best interests of the parties.

---

[1] *See, e.g.*, Colorado Medicaid False Claims Act, Col. Rev. Stat. 25.5-4-306; Conn. Gen. Stat. § 17b-301d(a); Delaware False Claims and Reporting Act, 6 Del. C. § 1203(b)(1); Illinois Whistleblower Reward & Protection Act, 740 ILCS 175/4(b)(1); Indiana Medicaid False Claims Act, Ind. Code §5-11-5.7-1 and Ind. Code §5-11-5.7-4 (requiring qui tam actions involving Indiana Medicaid false claims to be subject to the procedural provisions of the Indiana Medicaid False Claim Act, which provide, inter alia, that a relator may dismiss the state's claims if the state and the court provide written consent and their reasons for consenting); Iowa False Claims Act, Iowa Code § 685.3 (2)(a); Minnesota False Claims Act, Minn. Stat. § 15C.05(a); Montana False Claims Act, Mon. Code Anno. § 17-8-406(1); New Mexico Medicaid False Claims Act, N.M. Stat. Ann. § 27-14-7(B); North Carolina False Claims Act, N.C. Gen. Stat. § 1-608(b)(1); Oklahoma Medicaid False Claims Act, 63 Okla. St. § 5053.2.B.1; Rhode Island False Claims Act, R.I. Gen. Laws § 9-1.1-4(b)(1); Tennessee Medicaid False Claims Act, 71-5-183(b)(1): Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.5(A); Washington Medicaid Fraud False Claims Act, Wash. Rev. Code § 74.66.050; and, the District of Columbia False Claims Act, D.C. Code § 2-381.03(b)(1).

[2] For example, the State of Georgia, the Commonwealth of Massachusetts and the State of New Jersey require both the state and the court to consent but require only the state to state its reasons for consenting. See Georgia State False Medicaid Claims Act, Georgia Code, Title 49, Ch. 4, Art. 7B, § 23-3-122(b)(1); Massachusetts False Claims Law, ALM Ch. 12 § 5C-2; the New Jersey False Claims Act, N.J. Stat. § 2A:32C-5(c). Florida and Texas require state and court consent only when dismissal is sought prior to the unsealing of the complaint. See Florida False Claims Act, Fla. Stat. §§ 68-081-68.09; Texas False Claims Act, Texas Human Resources Code, § 36.102(e). California requires just the consent of the state and the court without a statement of reasons. See California False Claims Law, Cal. Gov. Code § 12652(c)(1). Michigan requires only that the state be given a 28-day opportunity to object. See Michigan Medicaid False Claims Act, Mich. Code 400.610a(1). Nevada requires both the state and the Court to "take into account the public purposes" of the state false claims law and "the best interests of the parties" in dismissing the action or consenting to the dismissal, as applicable. Nevada False Claims Act, Nevada Revenue Statute § 357.080(1). The State of Indiana requires a state motion for dismissal. Indiana False Claims Act, IN ST. 5-11-5.5-4. The State of Maryland requires the court to dismiss the action if Maryland has not intervened in the action. Maryland False Health Claims Act, Md. Code Ann., Health-Gen § 2-604(a)(7). Louisiana and New York do not specify any prerequisites for relator dismissal of qui tam claims. *See* Louisiana Medical Assistance Programs Integrity Law, La. Rev. Stat. Ann. §§ 439.1-439.4; New York False Claims Act, NY Finance Law, Ch. XIII, § 187 et seq.

After investigating the claims while the action was under seal, the State Plaintiffs have entered into settlement agreements with Defendant Walgreens Boots Alliance, Inc. ("Defendant" or "Walgreens"), pursuant to which Defendant has paid the states a total of $41,164,186.44, plus accrued interest, to resolve, *inter alia*, the claims that Relators have asserted herein on behalf of the State Plaintiffs. In Paragraph 4 of those settlement agreements, the State Plaintiffs have released Walgreens from any liability for the claims asserted in this action. The State Plaintiffs and Relators believe that these settlement agreements provide for fair, adequate and reasonable recoveries for the state taxpayers and consequently further the public purposes of the states' respective false claims laws and are in the best interests of the parties. The State Plaintiffs and Relators believe that there consequently is good cause for the dismissal of the claims that Relators have brought on behalf of the states.

The State Plaintiffs provide their written consent to dismissal with prejudice of their claims, based on the good cause set forth above, through the signature of Carrie L. Bashaw, Senior Counsel for the Washington State Office of the Attorney General, Medicaid Fraud Control Unit. Ms. Bashaw is the designated team-lead for the Plaintiff States in this action.

In light of separate settlement agreements, Relators also herein voluntarily dismiss: i) their claims against Defendant for expenses and attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d)(1) and analogous state law provisions; ii) their claims under 31 U.S.C. § 3730(d)(1) for a share of the proceeds of the federal claims (*see* Dkt.25-1, in which the Court approved the settlement resolving those claims); and, iii) their claims under analogous state law provisions for a share of the proceeds of the state claims.

We attach a proposed order dismissing the claims of the State Plaintiffs.

Respectfully Submitted,

*/s/ Shelley R. Slade*

_____
Shelley R. Slade (admitted *pro hac vice*)
Robert L. Vogel (SDNY Bar No. RV1527)
VOGEL, SLADE & GOLDSTEIN, LLP
1300 Connecticut Ave., NW, Ste. 701
Washington, D.C. 20036
Tel.: 202-537-5903
sslade@vsg-law.com
rvogel@vsg-law.com

Of Counsel:

Janet L. Goldstein
VOGEL, SLADE & GOLDSTEIN, LLP
1300 Connecticut Ave., NW, Ste. 701
Washington, D.C. 20036
Tel.: 202-537-5900
jgoldstein@vsg-law.com

Attorneys for Adam Rahimi and S. Christopher Schulte

CONSENT OF THE PLAINTIFF STATES:

*/s/ Carrie L. Bashaw*

_____
Carrie L. Bashaw, (admitted *pro hac vice*)
Senior Counsel
Medicaid Fraud Control Unit
Washington State Office of Attorney
General

Team Lead for the Plaintiff States                          Dated: March 19, 2019